UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMANTHA CARTER, <br><br> *Pro se* Plaintiff, <br><br> v. <br><br> VUK VUJASINOVIC, *et al.*, <br><br> Defendants. | Case No. 19-cv-3746 (CRC) |

### MEMORANDUM OPINION

In 2012, Samantha Carter, with the assistance of a bevy of lawyers, brought a personal injury case in Texas state court. The case settled in 2017. According to Carter, her attorneys in that case stole more than $500,000 from the settlement proceeds that belonged to her. Carter, proceeding *pro se*, now brings suit in this Court against two of her former Texas attorneys, the Texas state court judge who presided over her case, a receiver who was appointed during the case, and the State Bar of Texas under 42 U.S.C. § 1983 and state common law. Before the Court are motions to dismiss from three of the Defendants. Concluding that the District of Columbia is the wrong venue for Carter's suit, the Court will close the case and transfer it to the Northern District of Texas.

I.   **Background**

In 2012, Carter sued her former employer in Texas state court for injuries she sustained in the workplace, Carter v. Rad Staffing, LLC, No. DC-12-14879 (Tex. 116th Judicial Dist. Ct.) (Dec. 21, 2012). See Judge Parker's Mot. to Dismiss, Exh. A ("Texas Case Docket").[1] Texas

---

[1] Carter also sued her former employer in this court based on the same injuries. Am. Compl. ¶¶ 36, 79. Judge Sullivan ruled that the District of Columbia was an improper venue and

116th Civil District Court Judge Tonya Parker presided over the action. During the course of the proceedings, Carter retained and fired a host of lawyers, including Vuk Vujasinovic and Dimitri Dube. Am. Compl. ¶ 48. In March 2014, Carter filed a *pro se* motion to dismiss her own case with prejudice. Texas Case Docket 28–29. These and other actions raised concerns about her mental condition. Pl. Notice of Exh. List, Exh. 3 at 1.[2]

In May 2014, Shawn Stevens—one of Carter's attorneys in the Texas case—initiated a separate action to impose a guardianship over Carter in the Superior Court of the District of Columbia, Probate Division. Pl. Exh. 4 at 3. At the time, Carter was enrolled at a D.C. university.[3] Am. Compl. ¶¶ 6, 34. The action was dismissed without prejudice after Carter failed to appear. Pl. Exh. 4 at 1. The record in the Texas case was supplemented with materials from the D.C. guardianship action. Texas Case Docket 35; Pl. Exh. 4 at 3–33.

Meanwhile, Defendant-Attorney Vujasinovic moved to appoint a receiver and next friend in the Texas case. Pl. Exhs. 3, 14; Texas Case Docket 26, 28. Judge Parker appointed a receiver in October 2014. Texas Case Docket 38–39. A new receiver, Kevin Wiggins, was appointed in 2017. Id. at 45–46; Pl. Exh. 11. The case was dismissed with prejudice in November 2017 after the parties reached a settlement agreement. Texas Case Docket 46; Pl. Exhs. 10, 12. Carter

---

transferred the case to the Northern District of Texas. See Minute Order, Carter v. H2R Rest. Holdings, Inc., No. 14-cv-1741 (D.D.C. May 17, 2016).

[2] Shortly after she filed her amended complaint, Carter filed a "Notice of Plaintiff's Exhibit List," which the Court presumes she meant to attach to her amended complaint. See ECF No. 14. The Court will thereafter refer to these exhibits by "Pl. Exh."

[3] Although Plaintiff alleges that she is a citizen of the District of Columbia, the mailing address that she provided in her complaint is in Montana. Am. Compl. ¶ 6.


alleges that the Defendant-Attorneys allegedly kept the proceeds of the settlement that belonged to her.  See Am. Compl. ¶¶ 4, 29, 63, 81.

Carter claims that the Defendant-Attorneys are therefore liable for breach of fiduciary duty, legal malpractice, breach of contract, and breach of covenant of good faith and fair dealing. Id. ¶¶ 50–90.[4]  She also brings claims under 42 U.S.C. § 1983 against Judge Parker for allegedly overseeing the scheme, id. ¶¶ 1, 22–26, and against the State Bar of Texas ("Texas Bar") for failing to investigate her former Texas attorneys, id. ¶¶ 1, 32–33.  Attorney Vuk Vujasinovic moves to dismiss under Federal Rule of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) for lack of personal of jurisdiction, improper venue, and failure to state a claim, respectively.  The Texas Bar, asserting sovereign immunity, moves to dismiss for lack of subject-matter jurisdiction or, in the alternative, for lack of personal jurisdiction or improper venue.  Judge Parker, asserting absolute judicial immunity, moves to dismiss for lack of subject-matter jurisdiction.  The Court need reach only one of these defenses—improper venue—which it readily finds to be meritorious as to all of Carter's claims.

## II.  Legal Standards

"Requiring that a case be brought in the proper district ensures that only courts with some interest in the dispute or the parties adjudicate the claims at issue."  Pitts v. Wells Fargo Bank, N.A., No. 14-cv-02211 (CRC), 2015 WL 5728879, at *3 (D.D.C. Sept. 29, 2015).  Venue is

---

[4] Carter invokes the Declaratory Judgment Act, 28 U.S.C. § 2201, as a basis for federal jurisdiction over her state-law claims.  See Am. Compl. ¶¶ 1, 91–95.  Defendants are correct that the Declaratory Judgment Act "is not an independent source of federal jurisdiction."  Tex. Bar Mot. to Dismiss 5 & n.23 (quoting C & E Servs., Inc. of Washington v. D.C. Water & Sewer Auth., 310 F.3d 197, 201 (D.C. Cir. 2002)).  It appears, however, that the Court would have diversity jurisdiction under 28 U.S.C. § 1332 over Carter's state-law claims against Defendant-Attorneys because there is complete diversity of citizenship (whether Carter is a citizen of either D.C. or Montana) and the amount in controversy exceeds $75,000.

proper in the district where (1) any defendant resides, if all defendants reside in the same state; (2) "a substantial part" of the events giving rise to the suit occurred; or (3) if venue would not be proper in any district for those reasons, wherever the defendants are subject to personal jurisdiction.  28 U.S.C. § 1391(b).

In considering a Rule 12(b)(3) motion to dismiss for improper venue, the Court must "accept[] the plaintiff's well-pled factual allegations regarding venue as true, draw[] all reasonable inferences from those allegations in the plaintiff's favor, and resolve[] any factual conflicts in the plaintiff's favor."  Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008). "The Court need not, however, accept the plaintiff's legal conclusions as true, and may consider material outside of the pleadings."  Tower Labs., Ltd. v. Lush Cosmetics Ltd., 285 F. Supp. 3d 321, 323 (D.D.C. 2018).  The burden is on the plaintiff, who has an "obligation to institute the action in a permissible forum," to establish that venue is proper.  Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).

When a plaintiff brings a case in an improper venue, the Court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court."  Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983).  In making that decision, "courts consider, *inter alia*, whether the claims would be time-barred upon refiling, whether transfer would prejudice the defendants' position on the merits, and whether transfer would save the plaintiff the time and expense of refiling in a new district."  Does 1-144 v. Chiquita Brands Int'l, Inc., 285 F. Supp. 3d 228, 235 (D.D.C. 2018).

4

### III. Analysis

Carter has not shown that the District of Columbia is a proper venue under 28 U.S.C. § 1391(b). No Defendant resides in the District. 28 U.S.C. § 1391(b)(1). The only connection that the amended complaint establishes to the District Columbia concerns the 2014 guardianship action against Carter in D.C. probate court. That action was initiated by Shawn Stevens, one of Carter's attorneys in the Texas case. Pl. Exh. 4 at 3. Although Stevens is not named as a defendant in this suit, Carter alleges that Vujasinovic paid Stevens to hire D.C. lawyers and paid a doctor as part of a scheme to deprive her of her rights through the D.C. guardianship action. Am. Compl. ¶¶ 19.2, 20.1.[5] Carter also alleges that Judge Parker attempted to improperly influence the D.C. proceedings to have her declared mentally incompetent. Id. ¶¶ 22–26.

Even accepting these remarkable allegations as true, they certainly do not make up "a substantial part of the events . . . giving rise to the claim[s]" at issue. 28 U.S.C. § 1391(b)(2). The gravamen of Plaintiff's complaint is that the Defendant-Attorneys in the Texas case fraudulently kept the proceeds of the settlement from her. The D.C. guardianship action was dismissed without any findings as to Carter's mental competency. Although the record in the Texas case was supplemented with materials from the D.C. action, the complaint does not allege what impact those materials had on the resolution of the Texas case. Therefore, the allegations concerning the D.C. guardianship action "are not sufficiently material" to Carter's claims to support venue in the District. Aguilar v. Michael & Son Servs., Inc., 292 F. Supp. 3d 5, 10 (D.D.C. 2017); see generally Fam v. Bank of Am. NA (USA), 236 F. Supp. 3d 397, 406 (D.D.C.

---

[5] The Amended Complaint contains two paragraphs that are numbered 19 and two that are numbered 20. The citation is to the first paragraph numbered 20 and the second paragraph numbered 19.

2017) (holding that D.C. was an improper venue for a suit challenging a foreclosure where the underlying loan papers were sent from an office in D.C., but the property in question was located in Virginia and the alleged loan rescission and cancelled foreclosure sales occurred in Virginia).

Finding venue to be improper in D.C., the Court must decide whether to dismiss the case outright or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see Naartex, 722 F.2d at 789 ("The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court."). To be sure, the Court seriously doubts that some of Carter's claims "could properly be heard in any federal court." Naartex, 722 F.2d at 789. Judge Parker is likely correct, for example, that judicial immunity precludes subject-matter jurisdiction over Plaintiff's § 1983 claims against her. The gravamen of Carter's complaint against Judge Parker seems to be dissatisfaction with her rulings in the Texas case, such as her decision to appoint a receiver. See Am. Compl. ¶ 3; Pl. Exh. 2; Pl. Opp. 14–15, 17. However, it is well-established that such judicial actions are protected by absolute immunity. See Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993) ("Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction."); Mireles v. Waco, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is not overcome by allegations of bad faith or malice[.]").[6] Nor does Plaintiff explain why the Texas Bar, an agency of the Texas judicial department, Tex. Gov't Code Ann. § 81.011(a),

---

[6] To the extent that Carter alleges that Judge Parker "pierced" her judicial immunity by attempting to improperly influence the D.C. probate action through an unidentified "third party," Am. Compl. ¶ 3, the Court is hard-pressed to see how that "naked assertion" would survive a Rule 12(b)(6) motion "without further factual enhancement." Twombly v. Iqbal, 559 U.S. 544, 546, 557 (U.S. 2007).

would not be entitled to Eleventh Amendment immunity against her claim that it failed to discipline its members. See Bishop v. State Bar of Texas, 791 F.2d 435, 438 (5th Cir. 1986) ("[T]he State Bar of Texas is a state agency such that an action for damages is barred by the eleventh amendment."); In re State Bar of Texas, 113 S.W.3d 730, 732 (Tex. 2003) (holding that "the power to regulate the practice of law in the State of Texas" is vested exclusively with the Texas Supreme Court (citing Tex. Const. art. II, § 1; Tex. Gov't Code Ann. § 81.011(c))).[7]

Despite the Court's grave reservations about subject-matter jurisdiction over some of Carter's claims, the Court will transfer the entire case to the Northern District of Texas for the sake of keeping her claims (which all relate to the same nucleus of facts) and the core defendants (some of whom appear not to have been served) together in one court. The Court agrees with other courts in this jurisdiction that "it would be more efficient and economical" to transfer the case "rather than force . . . a *pro se* plaintiff[] to re-file and re-serve h[er] Complaint in another District" and to pursue appeals in two different districts. Roland v. Branch Banking & Tr. Corp., 149 F. Supp. 3d 61, 69 (D.D.C. 2015); see also Varma v. Gutierrez, 421 F. Supp. 2d 110, 115 (D.D.C. 2006) ("In this case, to dismiss the action and direct the *pro se* plaintiff to refile her complaint in the Eastern District of Virginia would be needlessly duplicative and costly."); 14D Wright & Miller, Federal Practice & Procedure § 3827 (3d ed. 2015) (recognizing that "[d]istrict

---

[7] Carter's amended complaint also names as Defendants some 46 individuals "in their official capacities as Members of the Board of Directors" of the Texas Bar. Am. Compl. Caption. The complaint contains no individualized allegations against any of these people. In any case, it is well established that the Eleventh Amendment "may not be evaded by suing state employees in their official capacity because such an indirect pleading device remains in essence a claim upon the state treasury." Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994) (dismissing § 1983 claims against individual members of the Texas Bar's Unauthorized Practice of Law Committee).

courts are . . . likely to order transfer rather dismissal than if it would be more efficient or economical to do so").

That leaves the question where to transfer the case. It is easily discernible from the face of the complaint that the case "could have been brought in" the Northern District of Texas. 28 U.S.C. § 1406(a). All Defendants are residents of Texas. Id. § 1391(b)(1). In addition, a "substantial part" of the events giving rise to Carter's claims took place in the Northern District of Texas: The personal injury litigation progressed there for over five years in Texas state court; the settlement agreement that was reached was executed there; and the proceeds from the settlement that Plaintiff seeks to recover were initially given to a receiver who resides there. Id. § 1391(b)(2). Moreover, the individual Defendants would not be prejudiced by transfer to a district where or near where they reside and conduct their business or where the vast majority of the acts giving rise to the suit occurred. See Does 1-144, 285 F. Supp. 3d at 236.

## IV. Conclusion

For the foregoing reasons, the Court will transfer the case to the Northern District of Texas. A separate order follows.

Date: April 29, 2020

CHRISTOPHER R. COOPER
United States District Judge